UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUINCY MOORE,

        Petitioner,

v.                                               Case No. 23-cv-0569-bhl

JASON WELLS,

        Respondent.

## SCREENING ORDER

On May 4, 2023, Petitioner Quincy Moore, a state prisoner currently incarcerated at Racine Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) That same day, he paid the $5.00 filing fee. (*Id.*)

Rule 4 of the Rules Governing §2254 Cases, require the Court to screen Moore's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

In December 2018, Moore and a co-defendant were tried for multiple charges of drug possession, drug dealing, and felon in possession of a weapon. *State v. Moore*, Appeal No. 2020AP1357-CR, 2022 WI App 1, *1 (Nov. 23, 2021). Moore was found guilty of (1) possession with intent to deliver a control substance, cocaine (>5-15 grams), using a dangerous weapon, as a second or subsequent offense, as a party to a crime; (2) possession with intent to deliver a controlled substance, heroin (>3-10 grams), using a dangerous weapon, as a second or subsequent offense, as a party to a crime; (3) possession of THC as a second or subsequent offense; and (4)

two counts of possession of a firearm by a felon with the habitual criminality repeater penalty enhancers. Moore was acquitted on a charge of manufacture or delivery of a controlled substance, heroin (<3 grams) as a second or subsequent offense for an alleged controlled buy by a police confidential informant. *Id.* at *2, n.1. The trial court imposed a twenty-six year sentence, evenly bifurcated between a term of initial confinement and extended supervision. *Id.* at *2. Moore moved for postconviction relief on the grounds of juror bias and ineffective assistance of counsel. In August of 2020, the trial court denied his motion without a hearing and the Court of Appeals affirmed Moore's convictions on November 23, 2021. *Id.* at *2-4. On March 16, 2022, the Wisconsin Supreme Court then denied review. (ECF No. 1 at 2.) Moore did not file a petition for certiorari in the United States Supreme Court. (*Id.* at 3.) On May 4, 2023, Moore filed this petition.

Moore's petition asserts two grounds for habeas relief. He contends that "the trial court abused its discretion in failing to identify and exclude the biased juror. (*Id.* at 5.) He claims he raised this claim in a motion for postconviction relief pursuant to Wis. Stat. §809.30 and it has been exhausted before the state courts. (*Id.* at 6.) He further contends that his trial counsel was ineffective for failing to investigate the identity of a juror who allegedly made the statement "we're in a hanging mood." (*Id.* at 7.) After reviewing the petition, the Court concludes Moore's habeas claim is timely and it appears that his claims underwent one full round of state court review. Further, the Court cannot conclude from this petition that Moore is plainly not entitled to relief. Accordingly, the Court will order Respondent to respond to the petition.

Accordingly, **IT IS HEREBY ORDERED** that within 60 days of the date of this order, Respondent shall either answer the petition, complying with Rule 5 of the Rules Governing §2254 Cases, or file a dispositive motion.

**IT IS FURTHER ORDERED** that if Respondent files an **answer** to the petition:

1. Petitioner shall have **45 days** following the filing of Respondent's answer within which to file his brief in support of his petition.
2. Respondent shall have **45 days** following the filing of Petitioner's initial brief within which to file a brief in opposition.
3. Petitioner shall have **30 days** following the filing of the Respondent's opposition brief within which to file a reply brief, if any.

**IT IS FURTHER ORDERED** that if the Respondent files a **dispositive motion** and supporting brief in lieu of an answer:

1. Petitioner shall have **45 days** following the filing of Respondent's motion within which to file a brief in opposition.
2. Respondent shall have **30 days** following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

**IT IS FURTHER ORDERED** that Civil L.R. 7(f) applies to the parties' submissions and the Petitioner shall send copies of all future correspondence or filings with the court to counsel for the Respondent.

Pursuant to the Memorandum of Understanding between the Attorney General and this Court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the Respondent.

Dated at Milwaukee, Wisconsin on June 12, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge